UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARVIN CROUCH,**<br>1762 Sycamore St.<br>Akron, Ohio 44301<br>on behalf of himself and<br>others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>**BRUMAGIN LLC**<br>**d.b.a The Basement at the Lakes**<br>3420 Manchester Rd.<br>Akron, Ohio 44319<br><br>and<br><br>**NICOLE BRUMAGIN**<br>204 23rd St. NW<br>Barberton, Ohio 44203<br><br>and<br><br>**SAGAMORE VENTURE, L.L.C.**<br>**d.b.a. The Basement at Sagamore Hills**<br>480 West Aurora Rd.<br>Sagamore Hills, Ohio 44067<br><br>and<br><br>**HOUSE OF DRAFT, INC.**<br>**d.b.a. The Basement at Waterloo**<br>255 E. Waterloo Rd.<br>Akron, Ohio 44319<br><br>and | CASE NO. 5:12 cv 2927<br><br>JUDGE BENITA PEARSON<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><u>Type</u>: Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; the Ohio Minimum Wage Fair Standards Act, Ohio Rev. Code §§ 4111.03, 4111.10, 4113.15, 4114.14; Art. II, 34a of the Ohio Const.; the Ohio Prompt Pay Act, R.C. § 4113.15<br><br><u>Jury</u> <u>Demand</u> <u>Endorsed</u> <u>Hereon</u> |

1

| | |
|---|---|
| **THE BASEMENT, L.L.C.** | : |
| **d.b.a. The Basement at Waterloo** | : |
| 255 E. Waterloo Rd. | : |
| Akron, Ohio 44319 | : |
| | : |
| and | : |
| | : |
| **BASEMENT GROUP, L.L.C.** | : |
| **d.b.a. The Basement North Canton** | : |
| 6976 Whipple Ave., NW | : |
| North Canton, Ohio 44720 | : |
| | : |
| and | : |
| | : |
| **MELISSA R. ADKINS** | : |
| 151 Bayview Terrace | : |
| Akron, Ohio 44319 | : |
| | : |
| and | : |
| | : |
| **TIMOTHY J. ADKINS** | : |
| 151 Bayview Terrace | : |
| Akron, Ohio 44319 | : |
| | : |
| Defendants. | |

Plaintiff, Marvin Crouch, by and through counsel, and for a Complaint against Defendants, Brugamin, L.L.C. (d.b.a. "The Basement at the Lakes"), Nicole Brumagin, Sagamore Venture, L.L.C. "d.b.a. "The Basement at Sagamore Hills"), The Basement, L.L.C. and House of Draft, Inc. (d.b.a. "The Basement at Waterloo"), Basement Group, L.L.C. (d.b.a. "The Basement North Canton"), Melissa R. Adkins and Timothy J. Adkins (collectively "Defendants," unless otherwise indicated) state and allege the following:

## INTRODUCTION

1. The present action is for monetary damages and other legal and equitable relief for violations of federal and state overtime and wage laws. The action includes a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of failing to pay Plaintiff

2

and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they work over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and by failing to compensate Plaintiff and other similarly-situated employees for the actual time that they worked.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and, additionally, the Court has pendent jurisdiction over all other matters that remain.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because many of the Defendants are residents of or are headquartered in Summit County, Ohio, they conduct business throughout Summit County, Ohio and because a substantial part of the events and omissions giving rise to the claims occurred in Summit County, Ohio.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Summit County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendants maintained their principal places of business and/or residences in Summit County, Ohio.

7. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

3

9. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One and Count Two, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

12. Defendants are engaged in the food and beverage industry. The individually named Defendants are believed to be owners of one or more of the corporate Defendants.

13. Plaintiff Marvin Crouch was employed by Defendants between 2010 and September 2012.

14. Plaintiff was employed by Defendants as a cook and was paid an hourly salary.

15. Other similarly-situated employees were employed by Defendants as cooks and paid an hourly salary.

16. Plaintiff and other similarly-situated employees were non-exempt employees.

17. During Plaintiffs' employment, the Defendants instituted a practice of compensating their hourly employers for an amount of time of less than 40 hours per workweek irrespective of the actual number of hours worked during the workweek. Typically, Plaintiff and other similarly situated individuals worked in excess of 40 hours during a workweek and were made to work overtime during many of the workweeks. In doing so, Plaintiff and other similarly-situated employees were paid an hourly wage for some but not all of the hours they worked each workweek and were further denied overtime compensation for which they were entitled to receive by virtue of working in excess of 40 hours in a workweek.

18. During Plaintiff's employment, he and other similarly-situated employees were not paid compensation for some of the actual hours that they worked.

19. During Plaintiff's employment, he and other similarly-situated employees worked over 40 hours a week.

20. During Plaintiff's employment, he and other similarly-situated employees were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for those hours they worked over 40 in a workweek.

21. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees overtime compensation along with knowingly and willfully failed to pay Plaintiff and other similarly situated employees for actual time worked.

## **COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings Count I and Count II of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

23. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current hourly non-exempt employees of Defendants at any time between November 27, 2009 up to the present time.

24. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 25 persons.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wage and overtime compensation, liquidated

damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

26. These similarly-situated employees are known to Defendant and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**

*Fair Labor Standards Act Violations*

27. Plaintiff re-alleges all the facts and allegations above in this Complaint as if fully rewritten herein.

28. Between 2010 and up to September 2012, Plaintiff generally worked in excess of 40 hours during an average workweek.

29. During the same period of time, Defendants had a practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek which violated the FLSA, 29 U.S.C. § 207.

30. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

31. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them

pursuant to the FLSA and, additionally, are owed as liquidated damages an additional amount equal to the amount owed, together with an additional sum for attorneys' fees and costs.

## COUNT TWO

*Fair Labor Standards Act Violations*

32. Plaintiff re-alleges all the facts and allegations above in this Complaint as if fully rewritten herein.

33. Defendants have a policy and practice of failing to pay Plaintiff and other similarly-situated employees minimum hourly wages for all hours worked in a workweek.

34. Defendants' actions violate the FLSA minimum wage provisions and the regulations there under.

35. Defendants committed a willful and knowing violation of the FLSA.

36. As a result of Defendants' misconduct, Plaintiff and other similarly-situated employees have suffered substantial delays in receipt of wages owed and damages.

## COUNT THREE

*Violation of the Ohio Prompt Pay Act, R.C. § 4113.15*
*Failure to Pay Semi-Monthly Wages Earned*

37. Plaintiff re-alleges all the facts and allegations above in this Complaint as if fully rewritten herein.

38. Defendants failed to pay all wages owed to Plaintiff that he had earned by not properly compensating him for time that he worked.

39. Defendants' actions violates R.C. § 4113.15, the Ohio law mandating that employers pay wages to employees for all hours worked on a semi-monthly basis.

40. As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to judgment as a matter of law.

41. Upon information and belief, Defendants' violation of state wage payment laws was willful in nature, and not in good faith.

## COUNT FOUR

*Violation of Ohio Wage Payment Law - R.C. §§ 4111.03, 4111.10*
*Failure to Pay Overtime Compensation*

42. Plaintiff re-alleges all the facts and allegations above in this Complaint as if fully rewritten herein.

43. Defendants employed Plaintiff within the meaning of R.C. § 4111.01 *et seq.*, during all time periods relevant to this complaint.

44. Defendants failed to routinely pay Plaintiff overtime compensation, as alleged above, in violation of R.C. § 4111.03.

45. As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to judgment as a matter of law.

46. Upon information and belief, Defendants' violation of this wage payment law was willful in nature, and not in good faith.

## COUNT FIVE

*Violation of Ohio Wage Payment Laws R.C. §§ 4111.10, 4111.14 and*
*Art. II, Section 34a of the Ohio Constitution; Failure to Pay Minimum Wages*

47. Plaintiff re-alleges all the facts and allegations above in this Complaint as if fully rewritten herein.

48. Defendants repeatedly failed to pay Plaintiff minimum hourly wages.

49. Defendants' actions violates R.C. § 4111.10, the Ohio law mandating that employers pay minimum wages to employees.

50. As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to judgment as a matter of law.

51. Defendants' violation of state wage payment laws was willful in nature, and not in good faith.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as to Counts One and Two, Plaintiff, Marvin Crouch and all those similarly situated collectively pray that this Honorable Court:

i. Issue an order permitting this litigation to proceed as a collective action;

ii. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

iii. Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

iv. Award Plaintiff and the class he represents actual damages for unpaid minimum wage compensation;

v. Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid overtime and minimum wage compensation found due to Plaintiff and the class;

vi Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

vii. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

vii. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

**FURTHERMORE**, Plaintiff, Marvin Crouch, on his own behalf prays that this Honorable Court:

i. Award Plaintiff all compensatory, consequential, incidental damages of any kind proximately caused by Defendants' violation of Ohio's wage payment laws as alleged above;

ii. Award Plaintiff all statutory, liquidated damages, punitive damages to the extent permitted by law, and all other remedies available pursuant to the statutes upon which these claims are based;

iii. Award Plaintiff pre-judgment and post-judgment interest at the statutory rate, compounded quarterly, at the prevailing interest rate provided for by statutory law;

iv. Award Plaintiff his attorneys' fees, costs, and expenses; and

v. Award Plaintiff any additional equitable, monetary and other relief as justice requires or that this Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| /s/ Eric Norton | /s/ Michael J. Elliott |
| ERIC NORTON (0071563) | Michael J. Elliott (0070072) |
| Cedar-Grandview Building, | Scanlon & Elliott |
| Suite No. 6 | 400 Key Building |
| 12434 Cedar Road | 159 South Main St. |
| Cleveland Heights, Ohio 44106 | Akron, Ohio 44308 |
| Ph.: (216) 791-0000 | Phone: 330-376-1440 |
| Fax: (216) 791-6888 | Facsimile: 330-376-0257 |
| nortonlawfirm@yahoo.com | melliott@scanlonco.com |
| | Attorney for Plaintiff |

*Attorneys for the Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Michael J. Elliott
 Michael J. Elliott (0070072)

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing instrument was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                     /s/ Michael J. Elliott
                                     Michael J. Elliott (0070072)